# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITIBANK, N.A., a National Banking Association; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC, a California Limited Liability Company

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/26/2024 4:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Haroutunian, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* The Superior Court of California

Van Nuys Courthouse East, 6230 Sylmar Ave., Van Nuys, CA 91401

CASE NUMBER:
*(Número del Caso):*
24VECV01945

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Mirkhan Law Firm, APC, Mehrshad Mirkhan, 1801 Century Park East, Ste 2400, Los Angeles, CA 90067; Tel:(310)984-6999

| DATE: *(Fecha)* 04/26/2024 | Clerk, by *(Secretario)* C. Haroutunian | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**The Mirkhan Law Firm, APC**
Mehrshad Mirkhan, Esq., SBN: 201772
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Tel: (310) 984-6999
E-mail: mirkhan@mirkhanlaw.com
Web: www.mirkhanlaw.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/26/2024 4:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Haroutunian, Deputy Clerk

Attorneys for Plaintiff CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC, a California Limited Liability Company,<br><br>        Plaintiff,<br><br>            vs.<br><br>CITIBANK, N.A., a National Banking Association; and DOES 1 through 10, inclusive;<br><br>        Defendants. | Case No.: **24VECV01945**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) VIOLATION OF CALIFORNIA UNIFORM COMMERCIAL CODE §11202<br><br>2) VIOLATION OF CALIFORNIA UNIFORM COMMERCIAL CODE §11204<br><br>3) DECLARATORY RELIEF<br><br>Unlimited Jurisdiction |

-1-

Plaintiff CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC, a California Limited Liability Company ("Plaintiff"), bring this complaint for damages against Defendants CITIBANK, N.A., a National Banking Association, (hereafter referred to as "CITIBANK"), and DOES 1 through 10, inclusive, (collectively "Defendants") for damages arising from violations of California Uniform Commercial Code by Defendants. Plaintiff alleges as follows:

## INTRODUCTION

1.      This is a civil action for money judgment arising from direct violations of California Uniform Commercial Code by Defendant CITIBANK in handling multiple fraudulent wire transfers from Plaintiff's CitiBusiness Account belonging to Plaintiff and Defendants' failure to fully credit the account upon customer's notice to the bank.

2.      Plaintiff was damaged when its account at CITIBANK was subjected to a series of fraudulent wire transfers between December 29, 2023 and January 10, 2024 in the total amount of $354,242.42.

3.      CITIBANK was immediately and timely put on notice about these fraudulent and unauthorized wire transfers.  Yet, CITIBANK failed to reimburse Plaintiff for its losses.

4.      CITIBANK later partially recovered some of the lost money and was able to reimburse Plaintiff in the amount of $43,834.80 on January 18, 2024 and $4,416.05 on February 16, 2024, leaving a remaining balance of $305,991.57.

## PARTIES

5.      Plaintiff CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC, is a California Limited Liability Company which operates from Los Angeles County.

6.      Defendant CITIBANK at all times mentioned herein is, and was, a National Banking Association, was doing business in the State of California, and was headquartered at 5800 S Corporate Place, Sioux Falls, SD 57108.

7.      Plaintiff is ignorant of the true names  capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitious named defendants is responsible in some

THE MIRKHAN LAW FIRM, APC

-2-

manner for the occurrence herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.

8.      At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and was at all times herein mentioned acting within the scope of said agency and employment.

9.      Based on information and belief Plaintiffs hereby allege that Defendant CITIBANK is responsible for the actions of its employees who acted negligently and recklessly causing Plaintiff's damages, based on the doctrine of *respondeat superior*. When *respondeat superior* applies, an employer is liable for an employee's negligent actions or omissions that occur during the course and scope of the employee's employment.

## JURISDICTION

10.      This Court has jurisdiction over this action in that the Defendants have substantial connection with this state, conduct business in California and operate in Los Angeles County and by doing so, have subjected themselves to the personal jurisdiction of this court.

## VENUE

11.      Venue is proper in this County because a substantial part of the evens or omissions giving rise to Plaintiff's claims occurred in Los Angeles County, the Plaintiff resides and banks in Los Angeles County, and the impact of the wrongful acts alleged herein occurred in Los Angeles County.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

12.      At all relevant times mentioned in this Complaint, CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC (hereafter referred to as "CDIN, LLC" or "Plaintiff"), maintained a CitiBusiness account ("Subject Account") at CITIBANK.

13.      Starting from December 29, 2023 and continuing through January 10, 2024, a series of fraudulent wire transfers in the total amount of $354,242.42 were initiated from the Subject Account.  These wire transfers were not authorized by Plaintiff or any of the signatories of the Subject

THE MIRKHAN LAW FIRM, APC



Account. Furthermore, no agent of Plaintiff initiated any wire transfer against the Subject Account during the relevant period.

14. Plaintiff did not authorize anyone to initiate any wire transfers from the Subject Account on its behalf.

15. Additionally, Plaintiff adhered to strict security procedures for its online account activities.

16. Immediately after Plaintiff became aware that the funds had been fraudulently deducted from the Subject Account, CITIBANK was notified about the fraudulent transactions.

17. A total of 10 Affidavits of Unauthorized Online Wire Transfer were submitted to CITIBANK on or about January 11, 2024.

18. The fraudulent wire transfers in accordance with submitted Unauthorized Online Wire Transfer Affidavits consisted of the following:

- Fraudulent wire transfer in the amount of $4,985.22 which occurred on 12/29/2023.
- Fraudulent wire transfer in the amount of $48,765.22 which occurred on 01/02/2024.
- Fraudulent wire transfer in the amount of $47,985.22 which occurred on 01/04/2024.
- Fraudulent wire transfer in the amount of $4,900.00 which occurred on 12/29/2023.
- Fraudulent wire transfer in the amount of $49,832.33 which occurred on 01/10/2024.
- Fraudulent wire transfer in the amount of $48,986.44 which occurred on 01/09/2024.
- Fraudulent wire transfer in the amount of $48,985.22 which occurred on 01/08/2024.
- Fraudulent wire transfer in the amount of $45,832.33 which occurred on 01/05/2024.
- Fraudulent wire transfer in the amount of $48,985.22 which occurred on 01/03/2024.
- Fraudulent wire transfer in the amount of $4,985.22 which occurred on 12/29/2023.

19. Plaintiff objected to the above transactions and communicated its objection to CITIBANK by filing Affidavits of Unauthorized Online Wire Transfers as alleged in the preceding paragraphs.

20. On February 1, 2024, CITIBANK issued a Decision Letter on Plaintiff's Fraud claim and denied the claim in its entirety by stating that all transactions were verified and complied with CITIBANK'S security procedures.

-4-

THE **MIRKHAN** LAW FIRM, APC

21.     Prior to the initiation of this lawsuit however, CITIBANK stated that on January 18, 2024, it had recovered $43,834.80 and on February 16, 2024, it had recovered a further $4,416.05 and credited the Subject Account accordingly.  This resulted in reducing the remaining balance of the lost funds to $305,991.57.

22.     At the time of filing this Complaint, no known further credits and/or recoveries with respect to Plaintiff's lost funds have been made by CITIBANK.

### FIRST CAUSE OF ACTION

**(VIOLATION OF CALIFORNIA UNIFORM COMMERCIAL CODE §11202)**

**(BY PLAINTIFF CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC AGAINST DEFENDANTS CITIBANK, N.A., AND DOES 1-10)**

23.     Plaintiff refers to, and incorporates by reference, the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24.      Pursuant to California Uniform Commercial Code §11202(a), which is applicable to electronic funds transfers: "A payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency."  Cal. Commercial Code §11202(a).

25.     Plaintiff or his agents were not responsible for the wire transfers/electronic funds transfers identified in this Complaint.  Neither Plaintiff nor its agents ever placed any wire transfer orders or electronic fund transfer orders (i.e. "payment orders") for $354,242.42 with CITIBANK.  Thus, the mentioned wire transfers were not authorized by the Plaintiff or its agents.

26.     California Uniform Commercial Code §11202(f) states: "Except as provided in this section and in paragraph (1) of subdivision (a) of Section 11203, rights and obligations arising under this section or Section 11203 may not be varied by agreement."  Cal. Commercial Code §11202(f).

27.     Plaintiff further alleges that no commercially reasonable security procedure was followed with respect to the aforementioned wire transfers.  Therefore, none of the exceptions identified under California Commercial Code §11202(f) is applicable to the present case.

28.     CITIBANK may not alter its obligations under California Commercial Code §11202 by and through any account agreements.



THE MIRKHAN LAW FIRM, APC

29.     CITIBANK's refusal to fully credit the Plaintiff's account for the unauthorized wire transfers, amounts to a direct violation of California Commercial Code §11202 because Commercial Code §11202 clearly indicates that the wire transfers in question could not be classified as an authorized order of Plaintiff.

30.     As a direct result and consequence of CITIBANK's violation of California Commercial Code §11202, Plaintiff has suffered damages in the amount of at least $305,991.57, the exact amount of which shall be determined at the trial of this action.

31.     Furthermore, Plaintiff has suffered additional damages as a direct result of CITIBANK's violations of California Commercial Code.  The exact amount of any such additional damages shall be calculated at the time of trial of this action.

## SECOND CAUSE OF ACTION

## (VIOLATION OF CALIFORNIA COMMERCIAL CODE §11204)

## (BY PLAINTIFF CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC AGAINST DEFENDANTS CITIBANK, N.A., AND DOES 1-10)

32.     Plaintiff refers to, and incorporates by reference, the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

33.     Pursuant to California Uniform Commercial Code §11204(a), which is applicable to electronic funds transfers: "If a receiving bank accepts a payment order issued in the name of its customer as sender which is (i) not authorized and not effective as the order of the customer under Section 11202, or (ii) not enforceable, in whole or in part, against the customer under Section 11203, the bank shall refund any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund…"  Cal. Uniform Commercial Code §11204(a).

34.     No commercially reasonable security procedure was followed with respect to the Subject Account.   Therefore, none of the exceptions identified under California Commercial Code §11202(f) is applicable.

-6-

THE MIRKHAN LAW FIRM, APC

35.     CITIBANK's refusal to fully credit the Plaintiff's Subject Account along with interest for the unauthorized wire transfer, amounts to a direct violation of California Commercial Code §11204(a) because Commercial Code §11204 clearly indicates that the wire transfer in question had to be refunded to the customer along with interest.

36.     As a direct result and consequence of CITIBANK's violation of California Commercial Code §11204, Plaintiff has suffered damages in the amount of at least $305,991.57, the exact amount of which shall be determined at the trial of this action.

37.     Furthermore, Plaintiff has suffered additional damages as a direct result of CITIBANK's violations of California Commercial Code.  The exact amount of any such additional damages shall be calculated at the time of trial of this action.

**THIRD CAUSE OF ACTION**

**(DECLARATORY RELIEF)**

**(BY PLAINTIFF CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC AGAINST DEFENDANTS CITIBANK, N.A., AND DOES 1-10)**

38.     Plaintiff refers to, and incorporates by reference, the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39.     An actual controversy has arisen and now exists between plaintiff and defendant concerning their respective rights and obligations with respect to the Subject Account which form the basis of this lawsuit.  Plaintiff contends that under California law as codified in California's Uniform Commercial Code, CITIBANK is fully responsible for the unauthorized wire transfers which was debited against Plaintiff's Subject Account.  Defendant refuses to acknowledge this fact and refuses to fully credit Plaintiff's Subject Account.

40.     Plaintiff desires a judicial determination and declaration of plaintiff's and defendant's respective rights and duties under applicable California law and seek a judicial declaration that requires the Defendant to fully refund the funds which were lost from Plaintiff's Subject Account along with applicable interest as required by the California Uniform Commercial Code.   This judicial declaration is necessary and proper in order to give finality to the parties' dispute and in order to determine the rights and responsibilities of the parties under California law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully requests that the Court enter judgment against Defendant and provide Plaintiff the following relief:

1) For money judgment against Defendants, and each of them, in the minimum amount of $305,991.57 to compensate Plaintiff for its losses;

2) For additional compensatory and consequential damages in an amount to be proven at trial;

3) For reasonable attorney's fees to the extent allowed by statute or any contract existing between the parties;

4) For a Judicial Declaration outlining the rights and responsibilities of the parties and requiring the Defendants to refund the money that was fraudulently debited from Plaintiff's Subject Account;

5) For costs of suit incurred herein;

6) For such other and further relief as the court deems proper.

Dated: April 26, 2024                    THE MIRKHAN LAW FIRM, APC


By: _____
        Mehrshad Mirkhan, Attorney for CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC

-8-

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>The Mirkhan Law Firm, APC, Mehrshad Mirkhan, Attorney at Law, SBN. 201772<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067 | *FOR COURT USE ONLY* |

TELEPHONE NO.: (310)984-6999   FAX NO. *(Optional)*:
ATTORNEY FOR *(Name)*: CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys 91401
BRANCH NAME: Van Nuys Courthouse East

> Electronically FILED by
> Superior Court of California,
> County of Los Angeles
> 4/26/2024 4:11 PM
> David W. Slayton,
> Executive Officer/Clerk of Court,
> By C. Haroutunian, Deputy Clerk

CASE NAME:
CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC v. CITIBANK, N.A., ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 24VECV01945 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 1) Violation of UCC 11102; 2) Violation of UCC 11204; 3) Declaratory Relief
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 26, 2024
Mehrshad Mirkhan ▶ *(signature)*
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC v. CITIBANK, N.A., ET AL. | 24VECV01945 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | **A** Civil Case Cover Sheet Case Type | **B** Type of Action (check only one) | **C** Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC v. CITIBANK, N.A., ET AL. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC v. CITIBANK, N.A., ET AL. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC v. CITIBANK, N.A., ET AL. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| CENTRAL DIAGNOSTIC IMAGING NETWORK, LLC v. CITIBANK, N.A., ET AL. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>4910 Van Nuys Boulevard, Suite 108<br>Sherman Oaks, CA 91403 |
|---|---|---|---|
| CITY:<br>Sherman Oaks | STATE:<br>CA | ZIP CODE:<br>91403 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the   Northwest Judicial   District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:   04/26/2024

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.



# Superior Court of California, County of Los Angeles

<div style="border:1px solid black; background:#e0e0e0; padding:10px;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a.   **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b.   **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c.   Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Van Nuys Courthouse West
14400 Erwin Street Mall, Van Nuys, CA 91401

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td>
<td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/26/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ C. Haroutunian _____ Deputy

</td></tr>
<tr><td colspan="2">**Your case is assigned for all purposes to the judicial officer indicated below.**</td><td>CASE NUMBER:
24VECV01945</td></tr>
</table>

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Eric  Harmon | 107 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/29/2024
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By C. Haroutunian _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/26/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ K. Hoffman _____ Deputy

COURTHOUSE ADDRESS:
Van Nuys Courthouse West
14400 Erwin Street Mall, Van Nuys, CA 91401

PLAINTIFF:
Central Diagnostic Imaging Network, LLC

DEFENDANT:
Citibank, N.A.

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
24VECV01945

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 08/27/2024    Time: 9:00 AM    Dept.: 107

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 04/29/2024

_____ Judicial Officer

## CERTIFICATE OF SERVICE
Eric Harmon / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Mehrshad Mirkhan
1801 Century Park East Suite 2400
Los Angeles, CA 90067

David W. Slayton, Executive Officer / Clerk of Court

By K. Hoffman

Deputy Clerk

Dated: 04/29/2024

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

LASC LACIV 132 Rev. 01/23
For Optional Use

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse West<br>14400 Erwin Street Mall, Van Nuys, CA 91401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/26/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ K. Hoffman _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Central Diagnostic Imaging Network, LLC | |
| DEFENDANT/RESPONDENT:<br>Citibank, N.A. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24VECV01945 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Mehrshad Mirkhan
The Mirkhan Law Firm
1801 Century Park East Suite 2400
Los Angeles, CA 90067

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>04/29/2024</u>     By: <u>  K. Hoffman                              </u>
Deputy Clerk

**CERTIFICATE OF MAILING**